ORIGINAL

Case 1:17-cv-03257-LLS   Document 18   Filed 08/03/17   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/3/17

**Memorandum Endorsement**

Jessani v. Monini North America, Inc., 17 Civ. 3257 (LLS)

Defendant Monini North America ("Monini") moves to dismiss plaintiffs' claims for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq, breach of express and implied warranties, unjust enrichment, deceptive acts or practices in violation of New York Gen. Bus. Law § 349, false advertising in violation of New York Gen. Bus. Law § 350, negligent representation, fraud, unfair deceptive acts and practices in violation of the California Consumers Legal Remedies Act, violation of California's False Adverting Law, and violation of California's Unfair Competition Law.

Plaintiffs purchased Monini's White Truffle Flavored Olive Oil,[1] which features on its label an oversize image of a sliced white truffle. Its side label identifies two ingredients: "extra virgin olive oil 98%" and "aroma 2%;" it does not list truffles. D. Opp. (Dkt. No. 12) at 5. Plaintiffs allege Monini's olive oil deceptively suggests it contains actual truffles, but is in fact flavored by "an industrially produced, chemically-derived perfume known as '2,4-dithiapentane,'" a substance that "emulates the taste and smell of truffles," but "is not truffle." Complaint ¶¶ 1-2 (emphasis in original).

## 1. New York and California Unfair Competition, False Advertising, and Deceptive Acts and Practices Claims

To prevail on a consumer fraud claim of deceptive advertising, under both California and New York law a plaintiff must allege that the deceptive behavior was "likely to mislead a reasonable consumer acting reasonably under the circumstances." Fink v. Time Warner Cable, 714 F.3d 739, 741 (2d Cir. 2013) (affirming dismissal of claims under New York and California consumer protection statutes).

Courts routinely conclude that where a product describes itself as substance-flavored despite not containing the actual substance, and the ingredient list truthfully reflects that fact, as a matter of law the product would not confuse a reasonable consumer acting reasonably under the circumstances, and thus does not sustain a consumer fraud claim. E.g., McKinniss v. Gen. Mills, Inc., No. 07 Civ. 2521 (GAF) (FMOx), 2007 WL 4762172, at *3 (C.D. Cal. Sept. 18, 2007) (product label depicted berries and stated "Natural Fruit Flavors" but ingredient list truthfully disclosed product contained no real fruit); Videtto v. Kellogg USA, 08 Civ. 01324 (MCE) (DAD), 2009 WL 1439086, at *3 (E.D. Cal. May 21, 2009) (product labeled "Froot Loops" and had "small vignettes of fruit" on front packaging but ingredient list disclosed product contained no actual fruit); see also In re Frito-Lay N. Am., Inc. All Nat. Litig., 12 MD 2413 (RRM) (RLM), 2013 WL 4647512,

---

[1] Monini also sells a similar Black Truffle Flavored Olive Oil, but plaintiffs do not allege they purchased that product.

- 1 -

at *15 (E.D.N.Y. Aug. 29, 2013) (distinguishing cases; denying motion to dismiss over allegedly deceptive claim of "all natural" where ingredients list was unclear about whether ingredients had been genetically modified).

### 2. Warranty, Negligent Misrepresentation, Fraud, and Unjust Enrichment Claims

To allege a breach of the implied warranty of merchantability, a complaint must allege that a product lacks "even the most basic degree of fitness for ordinary use." Viggiano v. Hansen Nat. Corp., 944 F. Supp. 2d 877, 896 (C.D. Cal. 2013); Denny v. Ford Motor Co., 87 N.Y.2d 248, 259, 662 N.E.2d 730, 736 (1995) ("fit for the ordinary purposes for which such goods are used"). The complaint does not allege that Monini's product is unfit for use as a flavored olive oil.

Plaintiffs' concession that Monini's White Truffle Flavored Olive Oil tastes and smells like truffles is fatal to their remaining claims. Complaint ¶¶ 2, 21 (the synthetic aroma flavoring the olive oil "emulates the taste and smell of truffles"). Assuming arguendo that "White Truffle Flavored" constitutes a warranty, there could have been no breach because plaintiffs acknowledge Monini's label accurately describes the product's flavor. Likewise, it is axiomatic that to sustain a claim for negligent misrepresentation or fraud, the complaint must allege the defendant made an inaccurate statement or omission. Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 178-80, 944 N.E.2d 1104, 1108-09, 919 N.Y.S.2d 465, 469-70 (2011). The complaint's lack of allegations of fraudulent statements also requires dismissal of plaintiffs' unjust enrichment claim. E.g., Silverman Partners, L.P. v. First Bank, 687 F. Supp. 2d 269, 288 (E.D.N.Y. 2010).

Plaintiffs' Magnuson-Moss claim also fails: "To state a claim under the MMWA, plaintiffs must adequately plead a cause of action for breach of written or implied warranty under state law." Garcia v. Chrysler Grp. LLC, 127 F. Supp. 3d 212, 232 (S.D.N.Y. 2015).

### Conclusion

Monini's motion to dismiss (Dkt. No. 11) is granted.

So ordered.

Dated: New York, NY
August 3, 2017

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

PROSKAUER ROSE LLP
Lawrence I. Weinstein
Jeffrey H. Warshafsky
Eleven Times Square
New York, NY 10036
Tel: 212.969.3000
Fax: 212.969.2900

**MEMO ENDORSED**

MEMO ENDORSED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VINAY JESSANI and WENDY BURNETT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MONINI NORTH AMERICA, INC.,<br><br>Defendant. | Civil Action No. 1:17-CV-03257<br><br>**NOTICE OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT** |

**PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiffs' Class Action Complaint, the accompanying Declaration of Lawrence I. Weinstein, including the exhibits thereto, and the accompanying Declaration of Marco Petrini, Defendant Monini North America, Inc. moves this Court, before the Honorable Judge Louis L. Stanton, in Courtroom 21C at the United States Courthouse, 500 Pearl St., New York, NY 10007, at a date and time to be determined by the Court, for an Order dismissing Plaintiffs' Class Action Complaint in its entirety with prejudice, and granting such other relief as the Court deems just and proper, pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1) and 12(b)(6).

1

Dated: June 26, 2017  
New York, NY

By: /s/ Lawrence I. Weinstein  
**PROSKAUER ROSE LLP**  
Lawrence I. Weinstein  
Jeffrey H. Warshafsky  
Eleven Times Square  
New York, NY 10036  
Tel. (212) 969-3000  
Fax (212) 969-2900  
lweinstein@proskauer.com  
jwarshafsky@proskauer.com

Attorneys for Defendant  
Monini North America, Inc.